Bartlett *v.* Sawyer.

---

WEBBER BARTLETT *versus* JOHN C. SAWYER *& al.*

If, in a suit upon a poor debtor's bond, the damages are reduced to the sum of five dollars, and the judgment rendered thereon for that sum, with costs, is paid, the original judgment is thereby paid and discharged to the amount of five dollars and no more.

But the fact, that the word "paid" is indorsed upon the execution issued on such judgment, without any evidence that it was done by the plaintiff, or by any one acting for him, is not sufficient evidence of such payment.

REPORTED by CUTTING, J., at the October Term, 1857.

THIS was an action of DEBT, on a poor debtor's bond. The facts sufficiently appear in the opinion of the Court.

The case was argued by *C. P. Brown,* for the plaintiff, and

*H. P. Haynes,* for the defendants.

The opinion of the Court was delivered by

RICE, J.—Debt on a poor debtor's bond, dated August 8, 1854. Plea, general issue, with a brief statement, alleging

that the bond was executed by the principal defendant under duress, and also that a former judgment, based upon the same original cause of action, had been paid.

The bond, execution and judgment, put into the case by the plaintiff, make for him a *prima facie* case.

To establish a defence, as set out in their brief statement, the defendants put into the case, under objection, several pieces of testimony, principally in writing, to which allusion will be made in the order of their dates, rather than in the order in which they were introduced in the case.

First, then, is a copy of a judgment recovered by the plaintiff against the principal defendant and one Charles H. Gilman, at the October term of the District Court, for the Eastern District, Penobscot County, 1842, for the sum of $28,24 damages, and $9,61 costs. This judgment was founded on a bond dated Nov. 24, 1841.

Next, in order of time, is the copy of a bond given by the principal defendant, with one E. N. Nickerson as surety. This bond is apparently founded upon the judgment above referred to, and is dated Feb. 1, 1844.

In relation to this bond, the defendant, who was called as a witness, testified that, some time in May, 1844, he thinks, he disclosed on said bond before Phineas Ashman and John McArthur, at Brooks, and took the poor debtor's oath, that he had no certificate of discharge, but he thinks one was made, but he has never seen it; that Mr. Ashman is dead; that McArthur lives in Augusta; that he has made search among said Ashman's papers for said discharge, but has not found it, and has written to McArthur, but has never seen him; that, at said disclosure, neither said Bartlett nor any one in his behalf, was present, nor does he know that said Ashman or McArthur were magistrates.

The defendant also introduced a copy of a judgment, evidently recovered on said bond, at the District Court for the Middle District, Waldo County, February term, 1845, for the sum of five dollars damage, and costs taxed at seventeen dollars and seventy-eight cents. Taking this evidence all

Bartlett *v.* Sawyer.

together, without any regard to its competency, it does not establish the fact that the principal defendant disclosed and was legally discharged, on the bond last above referred to, but the contrary. The action on that bond was entered at the August term, and was continued till the succeeding February term. From this fact, the inference is that the defendant appeared and answered to the action.

At the February term, the action was defaulted and judgment entered up for $5,00 damages, and $17,78 costs. Now, if the defendant had been legally discharged from said bond on his disclosure, the plaintiff would have failed in his action. The fact that judgment went for only five dollars damages, authorizes the inference that for some cause there was a hearing in damages by the Court, and that the penalty was reduced at such hearing.

The oral testimony of the defendant was also clearly inadmissible. There was no such diligence shown as would authorize the introduction of such testimony to supply the place of written evidence, if such existed.

The defendant therefore fails to show that he had been discharged on his disclosure, as he alleged, and, consequently, fails to show that the bond in suit was given under duress, if that question were open to him in this stage of the proceedings.

Next, has the judgment relied on by the plaintiff been satisfied by payment, or in any other way discharged?

The giving of a bond on an execution, and the recovery of judgment upon such bond, was at the time of these proceedings no satisfaction, or discharge of the original judgment, on which such execution issued. The giving of such bond had the effect only to liberate the person of the defendant from arrest or imprisonment, and all proceedings thereon were simply collateral to the original judgment, and operated in whole or part liquidation and discharge thereof as *payment* was actually made. *Spencer* v. *Garland*, 20 Maine, 75.

When the plaintiff sued his judgment, on which the bond now in suit is based, it would have been competent for the de-

fendant to have proved in defence to the action, or in reduction of damages, any payments which might have been made to the plaintiff, on collateral proceedings under the bond. He failed to do so, and it is too late now, even if such payments were actually made, to avail himself thereof in this proceeding.

The evidence, however, does not show any such payment as matter of fact. Or, to take it in its strongest possible light for the defendant, shows only the payment of five dollars which could by any possibility have been applied to the reduction of the plaintiff's judgment.

Thus, on the bond whereon the defendant claims to have disclosed, judgment was obtained for only five dollars damages, and costs. If the judgment, on this collateral proceeding, had been *paid,* the sum of five dollars only could have been applied in payment on the former judgment; the costs, being an expense incurred in the prosecution of that suit and incident thereto, could not have been thus applied.

But that judgment was not paid, as the defendant himself concedes, but was sued, and resulted in another judgment in favor of the plaintiff, in 1846, for $36,95 damages, and $10,25 costs. This last judgment, the defendant contends was paid by E. N. Nickerson, one of the defendants therein.

To prove the fact of payment by Nickerson, the copy of an execution, issued on such supposed judgment, is introduced, upon which is found this memorandum:—"Exo. paid by E. N. Nickerson." "Prove by him." It is admitted that this memorandum is all in the same handwriting, and was written at the same time, but by whom or when, does not appear. It is not in form of an officer's return, nor of a receipt, but had rather the appearance of a memorandum of a fact supposed to exist, and of the person by whom such supposed fact might be proved. The evidence is entirely insufficient to establish the fact sought to be proved thereby; but, were it otherwise, as we have already seen, it would only prove the payment of five dollars, of which the defendant might have availed himself, in defence of a former suit, out of which the bond now

before this Court originated. That, however, he did not choose to do. The fact of payment, therefore, even if proved, is now wholly immaterial.

What would have been the condition of the defendants, in relation to the bond in suit, had the fact of a former disclosure and legal discharge, under the poor debtor Act, been established, becomes immaterial. The defence relied upon failing,                     *A default must be entered.*

TENNEY, C. J., and APPLETON, CUTTING, and GOODENOW, J. J., concurred.